## HATCHER *vs.* CHANCEY.

1. If a mortgage is given to secure several debts falling due at different times, or a debt due by installments, the mortgagee may foreclose when the first becomes due, and with proper allegations in the petition for foreclosure, the court will control the surplus so as to protect the lien created for the debts or installments not due. The court may order that part which is in judgment to be paid, and the balance to be invested to meet the indebtedness still unpaid.

2. It makes no difference that the notes, to secure which the mortgage was given, are payable in specifics. The value of the specifics may be recovered.

October 2, 1883.

Mortgage. Promissory Notes. Debtor and Creditor. Before Judge CLARKE. Early Superior Court. April Term, 1883.

Chancey proceeded to foreclose a mortgage on realty given to secure four notes, each of which promised to pay twenty bales of cotton, and which fell due annually. At the time of the foreclosure, the first note was due, and plaintiff alleged that the value of the twenty bales of cotton was $1,000.00. Defendant demurred to the petition and rule *nisi*, because the contract was entire and the notes payable in cotton, and it was too uncertain to be then foreclosed;. and because the mortgage could not be foreclosed until the amount of the debt could be ascertained. The demurrer was overruled. Defendant then filed his pleas, setting up substantially the same grounds, and also denying the value of the cotton alleged by plaintiff. The court, on motion, struck all except this last plea. Plaintiff was allowed to amend his petition by alleging that there were three notes not due, and praying such order of the court as would protect the surplus for the purpose of paying them when they should become due. This amendment the court refused to strike, on motion.

The issue as to the value of the cotton was submitted to the jury. They found for plaintiff $950.00, with interest. The court entered a judgment for the sum so found, and directed that the sheriff sell the property and hold the balance until the next term of court, and then pay it into court to be appropriated to the payment of said notes not yet due, under the further order of the court.

Defendant excepted, and assigned each of these rulings as error.

R. H. POWELL, for plaintiff in error.

E. C. BOWER, by A. HOOD, Jr., for defendant.

HALL, Justice.

The plaintiff held four notes falling due at different times, payable in cotton, which were secured by a mortgage on one thousand acres of land. When the first of these notes fell due, she instituted proceedings to foreclose the mortgage, and in her petition for its foreclosure, after setting forth the notes and mortgage, and the failure of the defendant to pay the first note becoming due, she prayed for the sale of the mortgaged premises, and that the surplus funds arising from the sale might be retained by the court, and ordered to be invested to meet those still unpaid. The sale, under the judgment of foreclosure, was directed to be made in accordance with this prayer, and after satisfying the *fi. fa.* issuing upon the judgment, the surplus was to be brought into court, to be invested to meet the indebtedness still unpaid.

This course is fully authorized, if not required, by sections 1965 and 3970 of the Code.

It is admitted in argument here that, had these notes been payable in money, the course pursued would have been authorized, if not required, by these provisions of the law, but inasmuch as they are payable in specifics, a different rule should prevail. But what that rule or method is, has not been suggested, and we are unable to conjecture what is proposed as its substitute. The Code, §2774, defines a promissory note as " a written promise made by one or more to pay another, or order, or bearer, at a specified time, a specific amount of money, or other articles of value. If the payment is in articles other than money, and is not punctually made, the holder may recover the value of such articles at the time the note was due, at the place where it was payable, if a specific place was mentioned, otherwise at the place where it was made, with lawful interest

thereon." From this it appears that a note payable in specifics is placed upon the same footing as one payable in money; in this respect there is no difference between them. Notes payable in specifics are in no legal sense speculative in their character, as was urged by counsel. They are as certain as those payable in money, and are no less debts. Among other requisites of a mortgage, it must "specify a debt to secure which it is given." Code, §1955. The law makes no distinction, and recognizes no different mode, in the foreclosure of mortgages given to secure notes payable in money or other things of value, and the courts can make none; were they to attempt to do so, they would be assuming the prerogatives and powers of the legislative department, something that they could not do without a palpable violation of duty.

Judgment affirmed.