### CROWDER vs. DUNBAR.

If one who had sold land, taken two notes for the deferred payments and given a bond for title, afterwards sold one of the notes to a third party and made him a deed to the land, and thereupon the original purchaser surrendered his bond for title and took a new bond from the transferee, and on failure to pay, both notes were reduced to judgment and the land was sold, the two claims would be entitled to pro rate the money brought into court, if it was agreed between the parties that the note left in the hands of the original vendor was to be equally protected with that sold to the transferee.
November 11, 1884.

Mortgages. Contracts. Liens. Vendor and Purchaser. Before S. C. McDANIEL, Esq., Judge *pro hac vice.* Spalding Superior Court. February Term, 1884.

To the report contained in the decision, it is only neces-sary to add that the testimony of Crowder was, in brief, as follows: He sold land to Marchman and his mother for $2,644.00, of which $1,000.00 was paid in cash, and two notes were given for the balance, one for $1,000.00 and one for $644.00    He made arrangements to borrow money from bank and give the $1,000.00 note of March-man as collateral security    The latter said he might not be able to pay the note on the day it fell due, and Crowder told him that, to accommodate him, he would try to get the money elsewhere than in bank    March-man and Dunbar went to Crowder together, and Dunbar offered $800.00 for the $1,000.00 note.  This was agreed to.    Marchman said that, as Crowder was merchandising, he would rather Dunbar would hold the title and give him a bond for titles, and they asked him to make a deed to Dunbar.    He replied that, if he was to lose noth-ing and the payment of his note was to be provided for in the bond, he would do so.    He made the deed and Dun-bar made the bond to Marchman.    Crowder turned over the note for $644.00 to Dunbar for collection, and took his receipt.    It was thought that the land would more than pay both notes.    On failure of payment by Marchman, both Crowder and Dunbar sued, and each recovered judg-ment

BECK & BEEKS; JOHN I. HALL, for plaintiff in error.

BOYNTON & HAMMOND, for defendant.

BLANDFORD, Justice.

Crowder sold Marchman a tract of land for one thou-sand dollars cash, and took his two notes, one for one thou-sand dollars and one for six hundred and forty-four dollars, and gave Marchman his bond conditioned to make titles to the land when the purchase money, as secured by the two notes, was paid    Crowder sold the one thousand dol-

lar note to John W. Dunbar, and conveyed the land by deed to him.   Marchman surrendered Crowder's bond for titles to Dunbar, and Dunbar made to Marchman a bond conditioned to make titles to the land when Marchman paid the note for one thousand dollars, which Dundar held, and also the note of six hundred and forty-four dollars, which Crowder held for the purchase money of the land. Crowder and Dunbar having at the same time obtained judgments on their notes against Marchman, the land was levied on and brought fourteen hundred dollars; the money being in the sheriff's hands, they, the plaintiffs, brought their rules severally against the sheriff, each claiming to be paid their respective claims.   The two cases were consoli-dated and tried together, and the jury found that Dunbar's judgment be first paid, and that the balance be paid to Crowder's *fi. fa*   A motion for new trial was made by Crowder, which was overruled by the court, and Crowder excepted, and brings the case here for review.

The plaintiff in error requested the court to charge the jury: "If you believe from the evidence that Crowder sold land to Marchman and gave him a bond for titles, and held two notes of Marchman for the purchase money; and if you believe that Dunbar took up one of the notes, and Crowder passed the title to Dunbar, with the understanding that the note he, Crowder, kept was to be paid; and if you believe that Dunbar, pursuant to such understanding, executed a bond for titles, in which it was provided that, when both notes should be paid, a title would be made by Dunbar, then Dunbar and Crowder would each have a *pro rata* share of the fund, if their judgments are of equal date."

This request to charge the court was refused, and this forms the principal ground of error assigned in the record,— the only one we need consider.   It is a general rule that, when a note is transferred, which is secured by mortgage or other security, it carries with it the securities, and the transferee would be entitled to have his debt paid first out of the money raised on the security.   32 *Ga.*, 228;

38 *Id.*, 452. While this is the general rule, the parties may stipulate among themselves that the money raised from the security may be appropriated in a particular manner and different from that in which the law would appropriate the fund. And it is contended by the learned counsel for plaintiff in error, that in the case before us, it was stipulated between Crowder and Dunbar, at the time Crowder transferred to Dunbar Marchman's note, and when he made him the deed to the land, that the note which Crowder held on Marchman for the purchase money should be equally protected with the note so transferred to Dunbar. If this is true, then Crowder would be entitled to share in the fund in the sheriff's hands, raised from the sale of the land secured by the deed from Crowder to Dunbar and the bond for titles from Dunbar to Marchman, *pro rata* with Dunbar. 2 Jones on Mortgages, section 1700. The request prayed for, as before set out, should have been given in charge to the jury, if there was sufficient evidence to authorize it. The testimony of Crowder himself, in connection with other facts, was a sufficient foundation to have authorized the charge. This was the theory of plaintiff's case, and this theory was not fairly submitted to the jury by the court below; indeed, it was not submitted at all; this is the only error we find in the charge. Let the judgment of the court below be reversed.