## LITTLETON *vs.* SPELL.

1. No exception having been taken to the rendering of the judgment in this case by the judge without a jury, that point will not be considered.
2. Equitable relief may be had in common law proceedings, and there is no requirement that such proceedings shall be commenced thirty days before the court to which they are returnable. If filed twenty days before the term of the court to which they are returned, they will be in time.
3. Where a vendor sold land, giving a bond for titles and taking two notes, the latter payable in four instalments, for the purchase price, and where partial payments were made on the first two instalments, but nothing was paid on the third, and the purchaser was wholly unable to pay for the land, the vendor might, by equitable proceedings on the common law side of the court, obtain judgment for the indebtedness, and a decree ordering the sale of the land and providing that, if, after paying the instalments due, there should remain a surplus, the sheriff should return it to sat-

isfy the instalment thereafter to become due. If the debtor be insolvent, this could be done as well where title was retained as security as where a mortgage is taken for that purpose.

(a.) The plaintiff can file a deed to the land without direction from the court to that effect.

February 26, 1887.

Practice in Superior Court. Equitable Pleadings. Vendor and Purchaser. Judgments. Debtor and Creditor. Before Judge BowER. Brooks Superior Court. May Term, 1886.

Reported in the decision.

DAN. W. ROUNTREE, for plaintiff in error.

J. G. McCALL, by brief, for defendant.

HALL, Justice.

Littleton bought from Spell a half lot of land, for which he agreed to pay him twenty-five bales of cotton of middling quality, each bale weighing five hundred pounds. He gave him two notes, one for five bales of cotton, falling due on the 1st day of November, 1882, which it seems was paid at maturity; the other for twenty bales to be paid in four equal annual instalments, one on the 1st of November, 1883, and the others on the 1st of November, 1884, 1885 and 1886, respectively.

On the 6th of October, 1886, a suit was filed on the latter note, in which it was set forth that partial payments had been made on the instalments falling due in 1883 and 1884, but that nothing had been paid on the instalment which fell due on the 1st of November, 1885.

The declaration, among other things, alleged that the defendant held plaintiff's obligation to make him titles to the land sold, of which he was then in possession, and that he was wholly unable to pay for it. The prayer of the petition was that the judgment might be rendered for the

amounts due, and for that to fall due on the 1st day of November then next, and that a decree might be made ordering the sale of the land for the satisfaction of the judgment; and in the event that there was a surplus after this was done, the sheriff should be directed to retain it to satisfy the instalment thereafter to become due.

The case, having been called in its order at the trial term, was then heard, and evidence having been adduced to show the value of the cotton at the several times it was to be delivered, as to three of the years, the court, without objection on the part of the defendant, rendered a judgment for the proved value of three instalments, viz. those due on the 1st of November, 1883, 1884 and 1885, respectively, and ordered the land sold, and if the amount realized from the sale was more than sufficient to satisfy the judgment, directing the officer making the sale to hold the surplus subject to the order of the court. The defendant filed no pleas, and offered at the trial no objection to the judgment being rendered by the court without a jury; but within thirty days after the adjournment of the term, he tendered his bill of exceptions, alleging there was error in the judgment.

(1.) Because it was " predicated in part upon a note or part of a note which had not matured and was not due at the commencement of the suit."

(2.) Because it ordered " the sale of the land to pay part of the purchase money note, before the other part of the note had matured and become due."

(3.) Because " it ordered the sale of the land to pay a judgment upon a part of the purchase money note, before a judgment was rendered upon the part of said note which had not matured and become due."

(4.) Because it " ordered the officer making the sale to hold up the surplus of the proceeds of such sale, after paying said judgment, subject to the order of the court."

(5.) Because " the suit having been filed within thirty days before the term of the court to which it was made re-

turnable, nothing but a common law judgment could be rendered."

1. From this it will be seen that no exception was taken to the judgment being rendered by the judge without a jury ; and this relieves us from further discussion or consideration of that question.

2. The petition in this case, although pending on the common law side of the court, sets out an equitable as well as a legal demand, and must be regarded as only a substitute for a proceeding in chancery. Equitable relief may be had in common law proceedings, and there is no requirement that such proceedings shall be commenced thirty days before the term of the court to which they are returnable. If filed twenty days before the term of the court to which they are returned, they would be in time.

3. Had this been a mortgage given to secure a debt due by instalments, there could have been no question as to the right of the court to foreclose, notwithstanding some of the instalments had not become due ; and of the power of the court to control the surplus so as to protect the lien created for the part of the debt not due, when judgment of foreclosure was rendered. Code, §§1965, 3970 ; *Hatcher vs. Chancey*, 71 *Ga.* 689. The retention of title to the land in this case constituted a larger security for the payment of these instalments than would have been the case had an ordinary mortgage been taken. The distinction between such a contract as this and an ordinary mortgage is clearly pointed out in *Biggers vs. Bird*, 55 *Ga.* 651, where it is said that "an absolute deed . . . passes title, even if given as security for money. In this way, it serves for security. The legal title is the security contracted for and given, and why should the courts not treat it and enforce it as the parties intended? Surely there is no law against putting the legal title in pledge for a debt, against passing that kind of title into the creditor by a *bona fide* conveyance, to abide in him, with all the incidents of ownership, until the debt is paid. If the parties

wish to do such a thing, contract to do it, and proceed to carry their purpose into effect, we are aware of no obstacle in the law. It is not only innocent, but in a high degree virtuous, to secure honest debts; and equally so to stand to the agreed measure of security until they are paid. It does not follow, because a mortgage is only security, that every security is only a common mortgage."

If the debtor be insolvent, there is no reason why the creditor should not resort to a court of equity to avail himself of all the security to which he is entitled by his contract for his entire demand, as well that portion of it which is due as that which is to become due. If he had a common law judgment for the instalments due, and should make a title to the land to enable him to levy thereon the execution issuing on that judgment, as he might do under the statute, and the land should be brought to sale, still he might have no other security than the land itself to meet the remaining instalments when they became due. The remedy at law would not afford him all the security for which he contracted and to which he is entitled. This contingency is met, and provision against loss is supplied by the decree, such as that rendered, and which can only be obtained, as was done in this case, or by a more dilatory and expensive proceeding in chancery. We are therefore of opinion that this judgment is not only authorized, but demanded under the facts of the case, and conclude that the court in rendering it gave the plaintiff nothing more than the full benefit to which he was entitled by his contract. The plaintiff can file a deed to the land without any direction from the court to that effect; he needs no decree to authorize its filing before levying his execution. He is only appropriating the property with which he parted to the payment of the entire debt for which it was pledged, and in so doing, violates none of the defendant's rights. If the defendant wishes to prevent the sale, he may do so by paying the plaintiff's debt. If he would have equity, he should do equity.

Judgment affirmed.