### Brown *v.* Farmer.

1. Several promissory notes maturing at different times having been given for the purchase money of land, the vendor retaining title and giving a bond for titles to the vendee, after the maturity of some of the notes an equitable action in the superior court may be maintained upon all of them, irrespective of the question of solvency or insolvency of the maker, with a view to obtaining a decree for the sale of the land and for holding up the surplus proceeds, above the amount necessary to discharge the matured notes, to be applied to the others as they became due. Where one of the notes had matured and judgment had been obtained on it in a justice's court before the equitable action was brought, the amount of that judgment may be embraced in the decree; but the plaintiff should be charged with the costs which accrued in the justice's court, inasmuch as the proceeding in that court was superfluous in view of the election which the plaintiff finally made to resort to equity.

2. In such case, where the facts are fully stated in the petition, and the defendant meets it at the trial term with a general demurrer, not having previously filed any plea or answer, the court may render a final decree in passing judgment upon the demurrer, inasmuch as the demurrer admits the facts as alleged. And it is no cause for not signing up the decree that at the last moment the defendant offers to plead, and does plead, that he is not insolvent and that the whole debt is not due; the former fact being immaterial, and the latter being apparent upon the face of the petition and constituting the ground on which the equitable remedy was invoked. But in moulding the decree, provision should be made for postponing a sale of the premises in case the defendant shall, at any time before the sale, pay off the amount then due, together with the costs with which he is chargeable up to that time. And provision should also be made for stopping the accrual

of interest after the sale, in case the defendant shall consent to the immediate application of the proceeds of the sale to the principal and interest then accrued upon the unmatured notes, all of them bearing interest from date.

July 23, 1894.

Equitable petition.  Before Judge McWHORTER.  Taliaferro superior court.  August term, 1893.

Five promissory notes, dated January 6, 1891, each for $85.74, and due respectively on the first day of November, 1891, 1892, 1893, 1894 and 1895, were given for purchase money of land (as therein recited), and the first one was reduced to judgment in justice's court on December 12, 1891, upon which execution issued.  On February 2, 1893, the payee brought a petition to the superior court, attaching as exhibits the execution and the four unpaid notes, and alleging that the maker was hopelessly insolvent, and that petitioner's only means of enforcing payment of said indebtedness was to sell the land for the purchase money under a judgment of the superior court so moulded as to protect petitioner's legal and equitable rights, " either by a sale under the judgment upon said note for the principal sum of $85.74 due November 1st, 1892, and upon said judgment rendered by the justice court of the 172d district G. M., at the December term thereof, 1891, or under a judgment for the full amount of all said notes, and said judgment with stay of execution as to or in the notes not yet due, until they severally become due, directing and requiring the sheriff or other levying officer levying upon and selling said land to hold enough of the proceeds of the sale thereof as will be sufficient to pay off and discharge the said several notes as they shall respectively become due, and the costs of this proceeding, and to pay to plaintiff's counsel all of said money except costs of this proceeding; plaintiff hereby consenting to execute and file a good and sufficient deed of conveyance in the

office of the clerk of the superior court of said county, to the said maker, in and to the land for which said notes were given by her as aforesaid, in conformity to the bond to convey to her," etc.   To this petition the maker of the notes demurred on the ground : " that three of the said notes now sued on are not due and were not due at time of suit, but only one note is due, it being less than one hundred dollars; and only justice court costs follows it on judgment.   Plaintiff has one *fi. fa.* on same; cannot be sued on it in superior court, because it has been reduced to judgment by a court of competent jurisdiction."   This demurrer was overruled; and the court rendered judgment, that the plaintiff recover of defendant $220.29 principal and interest to date, the same being due at the date of judgment, and the further sum of $257.22, and $54.75 interest thereon, due upon the last three notes; that plaintiff have a lien on the land described in the petition; that execution issue for the sums due, under which the sheriff should sell the land at public outcry to the highest bidder, after legal advertisement, at the time and place of public sales, making deed to the purchaser, and holding any surplus remaining after the payment of the $220.29, with costs and expenses, subject to further order; and that the plaintiff execute and deliver to the clerk a conveyance putting the legal and equitable title to the land in the defendant, before the sheriff's levy.   After this judgment was announced and the court was proceeding to sign it, defendant's counsel tendered a plea, that " she is not due amount set forth in said suit, and she is not insolvent as plaintiff alleges in declaration."   This plea was not considered by the court.

Defendant assigns error : (1) In overruling her demurrer.   (2) In entering judgment for the plaintiff on each and all of the notes without the intervention of a jury; the allegation of insolvency being extrinsic to the notes,

and making a question of fact material for the jury to pass upon before the case could be made out, authorizing the recovery sought.

J. W. HIXON, for plaintiff in error.

M. Z. ANDREWS and J. F. REID, *contra.*

LUMPKIN, Justice.

1. The vendor of land who retains the title, giving to the purchaser a bond for titles and taking his promissory notes for the purchase money, maturing at different times in the future, is entitled to enforce against the land itself the collection of the purchase money notes, irrespective of the solvency or insolvency of the maker. *Hawkins* v. *Dearing et al.*, 93 *Ga.* 108, 19 S. E. Rep. 717. Where one only of the notes has matured and been reduced to judgment, the vendor could file in the clerk's office a deed conveying the land to the vendee, and then proceed to sell the land under the judgment. Out of the proceeds of the sale, the judgment would first be satisfied; and as to the surplus, the claim of the vendor for the balance of his unpaid purchase money would undoubtedly be superior to the claims of all other creditors of the vendee. Code, §§3586, 3654. As to any of the remaining purchase money notes which had not matured at the time of the sale, the remedy of the vendor by such sale would not be entirely adequate for his protection. Consequently, he would need the aid of a court of competent jurisdiction, in order to have the surplus impounded and applied to the satisfaction of such of the remaining notes as had already matured, and to the others as they became due. A vendor in the position indicated has no right to collect his money upon any of the notes before their maturity; but he may maintain an equitable action in the superior court for the purpose of obtaining a decree for the sale of the land and for holding up the surplus proceeds above the

amount necessary to discharge the matured notes, in order that the same may be applied to the others as they mature. We see no reason why the amount of the judgment already rendered may not be embraced in the decree rendered in the plaintiff's favor; but when he thus elects to resort to equity in order to secure full protection in all his rights, the proceeding by which he obtained the judgment on the single note ought to be treated as superfluous, and for that reason the plaintiff should be charged with the costs of that proceeding. This will simply require him to do full equity, a duty incumbent upon every one seeking equitable relief.

2. When a party files an equitable petition of the kind indicated in the preceding note; and the defendant, at the appearance term, files no plea nor answer, but at the trial term meets the plaintiff's petition with a general demurrer which is without merit, the court, in passing upon the demurrer, may render a final decree in the plaintiff's favor. The demurrer being overruled, and the defendant presenting no other defence to the action, the facts charged in the equitable petition may be taken as confessed, the general demurrer having admitted these facts as alleged, and the defendant presenting no denial in any form as to the truth of them. When, under such circumstances, the court has announced that a decree will be rendered in the plaintiff's favor, stating its terms, and the judge is about to sign the decree, no cause for declining to do so arises from the fact that the defendant then offers to plead, and does plead, that he is not insolvent and that the whole debt is not due. As already seen, the question of his solvency is immaterial; and the fact that some of the notes have not yet become due being apparent upon the face of the petition, and constituting the very ground on which the equitable remedy was based, this, certainly, would present no reason for not signing the decree.

The court, in this case, rendered an absolute decree in favor of the plaintiff for the full amount of the balance due him upon the purchase money notes, with interest, without regard to the fact that some of the notes were not due. We think that in moulding the decree it should have been provided that if, at any time before a sale of the land, the defendant would pay off the amount of the debt then due, together with all costs chargeable to him up to that time, the sale might be postponed; and inasmuch as the defendant, after a sale, would be deprived of the use of the land, and at the same time interest would be accruing on the unpaid notes, all of which bear interest from their date, the decree ought further to have provided that, in case the defendant should consent to the immediate application of the proceeds of the sale to the payment of the principal and interest then accrued upon the plaintiff's debt, whether all of the same had matured or not, this might be done, and thus stop the further accrual of interest upon the plaintiff's debt, if thus paid in full; and if not paid in full, then upon so much of it as would be satisfied out of the proceeds of the sale. Accordingly, in the judgment we have rendered in this case, we have given appropriate direction for the modification of the decree which the court rendered.

*Judgment affirmed, with direction.*