*C. E. Hay* and *E. K. Wilcox,* contra.

---

## McCurry *v.* Pitner.

ATKINSON, J. 1. In *Brown* v. *Farmer,* 94 *Ga.* 178 (21 S. E. 292), it was held: "Several promissory notes maturing at different times having been given for the purchase-money of land, the vendor retaining title and giving a bond for titles to the vendee, after the maturity of some of the notes an equitable action in the superior court may be maintained upon all of them, irrespective of the question of solvency or insolvency of the maker, with a view to obtaining a decree for the sale of the land and for holding up the surplus proceeds, above the amount necessary to discharge the matured notes, to be applied to the others as they became due." See also Civil Code (1910), §§ 3272, 3285, 3317; *Hatcher* v. *Chancey,* 71 *Ga.* 689; *Littleton* v. *Spell,* 77 *Ga.* 227 (2 S. E. 935).

(*a*) The decision quoted above does not conflict with *Keen* v. *McAfee,* 116 *Ga.* 728 (42 S. E. 1022). In the latter case the notes that were not due were not declared upon in the petition, and it was on that ground that it was held the court was without jurisdiction to render judgment upon them.

(*b*) The request to review and overrule the decision in *Brown* v. *Farmer,* supra, is denied.

(*c*) The above-quoted decision in *Brown* v. *Farmer* is applicable to the facts of the present case, notwithstanding there was no contention that the maker of the notes was insolvent.

2. In an equitable action of the character indicated in the first division, where the notes contain a conditional provision for the payment of attorney's fees, and the allegations of the petition contain a claim for attorney's fees as provided by statute, and the defendant does not by his plea deny or contest the facts upon which the claim for attorney's fees is based, the judge can render a decree for such attorney's fees without the intervention of a jury. Civil Code (1910), § 5420; *Brown* v. *Farmer,* supra.

(*a*) The cases of *Merritt* v. *Bank of Cuthbert,* 143 *Ga.* 394 (85 S. E. 104); *Clark* v. *Lunsford,* 143 *Ga.* 513 (2) (85 S. E. 708), and *Glennville Bank* v. *Deal,* 146 *Ga.* 127 (4) (90 S. E. 958), had reference to actions at law, in which the judge has not the same broad powers as are conferred upon him in an equity suit by the provisions of the Civil Code (1910), § 5420.

3. Applying the rulings announced in the preceding divisions, the judge did not err in overruling the demurrer to the petition and in rendering the decree.           *Judgment affirmed. All the Justices concur.*

No 4230. FEBRUARY 20, 1925.

Equitable petition. Before Judge Fortson. Hart superior court. February 13, 1923.

Upon sale of realty a vendor executed his bond for title and received five purchase-money notes, each for the principal sum of $1400, with interest at the rate of eight per cent. per annum, and stipulating to pay ten per cent. attorney's fees in the event of failure to pay the same on or before the return day of the court to which suit was brought for the collection of the same. The first note was payable January 1, 1921, and the others were due respectively each successive year thereafter. The vendor gave to the vendee his bond for title, obligating himself to convey the land when the notes should be paid. There was no stipulation for accelerating the maturity of any of the notes. The vendee allowed some of the notes to remain unpaid after they were due. The vendor brought an equitable suit upon all the notes for principal, interest, and attorney's fees, praying that the court mold a decree. The defendant filed a demurrer, alleging that the plaintiff had an adequate remedy at law, and that the petition did not set forth a cause of action at law or in equity. He also filed an answer making the same points as were made by the demurrer, but not denying or raising an issue of fact upon any of the material allegations of the petition relating to the notes, the dates of their maturities, or the claim for attorney's fees. The demurrer was overruled, and the defendant excepted pendente lite. Afterward the judge, without the intervention of a jury, rendered a decree as follows:

"The above case being called for trial, and defendant's demurrer being overruled, and said defendant's plea setting forth no issuable defense, it is hereby considered, adjudged, and decreed by the court as follows: 1. That the plaintiff do have and recover of the defendant the sum of $3017.53 as principal, and the further sum of $980.80 as interest on said sum to this date, and also interest on said principal sum after this date at the rate of 8 per cent. per annum, and further sum of $396.83 attorney's fees; said sum being owing on the three (3) notes, less credits, each for the principal amount of $1400.00 described in plaintiff's petition, due as follows: Jan. 1, 1921, Jan. 1, 1922, Jan. 1, 1923, said three notes being the ones due when said petition was filed. 2nd. That the plaintiff recover of the defendant the further sum of $1400.00

principal, besides interest thereon after Jan. 1, 1920, at the rate of 8 per cent. per annum until paid; this being the sum owing on the note for $1400.00, being due Jan. 1, 1924, described in plaintiff's petition. 3rd. That the plaintiff recover of the defendant the further sum of $1400.00 principal, besides interest thereon after Jan. 1, 1920, at the rate of 8 per cent. per annum until paid; this being the sum owing on the note for $1400.00 being due Jan. 1, 1925, described in plaintiff's petition. 4th. That for all the sum recovered herein the plaintiff do have a general lien on defendant's property, superior to his homestead and exemption rights, and that for said sums the plaintiff do further have a special lien on the following described tract of land [giving description]. 5th. That execution do issue immediately in favor of the plaintiff against the defendant for the several sums embraced in this decree, and in conformity with all the provisions of this decree. 6th. That the plaintiff file and have recorded in the office of the clerk of the superior court of Clarke County, Georgia, a deed conveying said land to the defendant for the purpose of levy and sale, and that thereupon said execution may be levied on said land and the same brought to sale thereunder. 7th. That from the proceeds of said sale the plaintiff be paid immediately the sums recovered under par. one (1) of this decree, and any other recovery embraced herein based on a note which may then have become due; and that all costs of this suit all expenses of the proceeding and of said sale be also then paid, so far as then incurred and ascertained; and that any excess of the proceeds of said sale that may remain be impounded and retained by the sheriff, or deposited with such other person as this court may direct, and that the plaintiff be paid therefrom the other sums recovered under this decree as the notes on which said recoveries are based shall respectively become due. 8th. That said execution also be leviable on any other property of the defendant for the recovery embraced in par. one of this verdict, and for costs; and that it be also leviable on such other property, on or after January 1, 1924, for the recovery embraced in par. two (2) hereof, and that it be so leviable on such other property on or after Jan. 1, 1925, for the recovery embraced in par. three (3) hereof. 9th. That as to all of the defendant's property (except that on which by this decree the plaintiff have a special lien) the general judgment lien

of the plaintiff under this decree shall date and rank as follows: (a) As to recovery embraced in par. one (1) hereof, from the date of the rendition of this decree: (b) as to the recovery embraced in par. two (2) hereof, from Jan. 1, 1924; (c) as to the recovery embraced in par. three (3) hereof, from Jan. 1, 1925, when all of said indebtedness becomes due. 10th. The following provisos are hereby incorporated herein and decreed: (a) That if at any time before a sale of said land the defendant pays to the plaintiff the full amount of the debt then due, according to the due dates of the notes sued on, together with all costs and expenses chargeable to him up to that time, said sale shall be postponed, pending the maturity of the next installment of said debt. (b) The defendant shall have the right to consent to the immediate application of all of the proceeds of said sale to plaintiff's debt, or such amount as may be required to fully pay said debt, including matured and unmatured installments, so as to prevent the further accrual of interest on that part of said debt the payment of which may be thus anticipated by the defendant. 11th. It is further adjudged and decreed that the plaintiff recover of the defendant ——— dollars costs of suit. 12th. It is further ordered that this case be kept open for such further orders as may appear necessary to carry into effect this decree, and for such administrative orders as may appear proper in this proceeding."

The defendant filed a bill of exceptions assigning error on the exceptions pendente lite and on the decree rendered by the judge. The exceptions to the decree were: (a) That the attorney's fees should not have been allowed, because as to such fees the suit was not upon an unconditional contract in writing, and the judge was without jurisdiction to render a decree for the attorney's fees without the verdict of a jury. (b) That as to the two notes that were not due at the time the suit was filed the court was without jurisdiction to render a judgment for the amount thereof. (c) That as to the lien which the decree provided upon the specified property for the payment of all the notes, those that were due and those that were not due, the court was without jurisdiction; that the court was without jurisdiction to declare any kind of a lien in the equitable proceeding, the only remedy of the plaintiff being a suit at law upon the notes that had already matured. (d) That as to the provision for issuance of executions and sale of the property

and impounding the proceeds of sale, the decree was erroneous, because time was not made the essence of the contract, and the defendant's time ran until 1925, and the court had no jurisdiction to accelerate the time of performance of the contract and declare the notes that were not due to be due, and to issue executions thereon.

*Stephen C. Upson,* for plaintiff in error.
*Shackelford & Shackelford,* contra.