REMBERT *v.* ELLIS, administrator, *et al.*

No. 14423. APRIL 14, 1943. REHEARING DENIED MAY 8, 1943.

808

*W. L. Bryan,* for plaintiff.

*W. S. Northcutt, Scott, Dunaway, Riley & Wiggins, J. A. Mc-Curdy Jr.,* and *Sumter M. Kelley,* for defendants.

JENKINS, Justice. Although a mortgage or deed may secure several notes, ordinarily there can be but one foreclosure; and where the holder of one of the notes forecloses, the rights of other holders are transferred to the fund realized from the foreclosure sale. *Berrie* v. *Smith,* 97 *Ga.* 782, 786 (25 S. E. 757) ; *Smith* v. *Bowne,* 60 *Ga.* 484, 485; *Strickland* v. *Lowry National Bank,* 140 *Ga.* 653 (5, *d*) (79 S. E. 539) ; *Irons* v. *American National Bank,* 178 *Ga.* 160, 180 (172 S. E. 629) ; *Swift & Co.* v. *First National Bank,* 161

*Ga.* 543 (2), 547 (132 S. E. 99). In the absence of a special contract, where a mortgagee or grantee in a security deed transfers one of the secured notes, and the transferee brings an equitable foreclosure thereon, the transferee will have priority over the mortgagee or grantee in the security deed, holding the untransferred notes, if the amount realized at the foreclosure sale is insufficient to pay all the notes. Code, § 14-1802; *Crowder* v. *Dunbar,* 74 *Ga.* 109, 111; *Ottauquechee Savings Bank* v. *Elliott,* 172 *Ga.* 656 (2) (158 S. E. 316); *Roberts* v. *Mansfield,* 32 *Ga.* 228; *Georgia Realty Co.* v. *Bank of Covington,* 19 *Ga. App.* 219, 220, 223-229 (91 S. E. 267), and cit. Accordingly, where a foreclosure proceeding by the transferee of such a note has been completed, and the grantee in the security deed was a party to the proceeding, the decree and orders therein are res judicata as to any further rights of the grantee, or its transferees who may acquire title after such decree and orders.

Under these rules and the undisputed facts, the present plaintiff, as a subsequent transferee from the grantee of two $250 notes, was not entitled to maintain a second foreclosure. This is true since his purchase from the grantee was not made until the first transferee had completed the foreclosure on its $2000 note by a decree, a sale of the property for less than that amount, and a deed to the purchaser; and since the present plaintiff took no greater rights than the grantee had when the $250 notes were transferred. Before such transfer, the receiver of the grantee, as a party to the first foreclosure, had acknowledged service of the petition to confirm the first foreclosure sale and an order thereon to show cause why the sale should not be confirmed, in which petition the property was correctly described, and had waived all further service and notice, without questioning in any way the accuracy of descriptions of the property as made in the previous petition, verdict, or decree, or the procedure thereunder. Accordingly, the present plaintiff, as a privy of the grantee and its receiver, was bound by these acts of the receiver; and the judge did not err in finding against the plaintiff on the pleas of res judicata and estoppel filed by the defendants.          *Judgment affirmed. All the Justices concur.*