## FRYER *vs.* COLE & COMPANY.

1. Under §3457 of the Code, in a suit on an open account, where there has been personal service and the case is in default, the plaintiff may take a verdict as if each of the items were proved by testimony.

(*a.*) Under the act of 1861, in such cases the plaintiff was entitled to a verdict. Under the constitution of 1868, the court rendered judgment by default in such cases, and the word "judgment" was inserted in the Code of 1873, in order to make it conform to the constitution. Under the constitution of 1877, verdicts are rendered in such cases, and it should so appear in the Code.

2. A suit on a receipt for sundry promissory notes and accounts to be collected by the maker of such receipt, with an allegation that he has collected and failed to pay over certain sums, is not an action on an open account, in the sense of the act of 1861, and a verdict cannot be taken thereon without proof, by reason of personal service and absence of defence.

(*a.*) Nor is this such an unconditional contract in writing as to authorize a judgment, under the constitution of 1877.

March 3, 1883.

Practice in Superior Court. Verdict. Judgment. Constitutional Law. Before Judge HOOD. Early Superior Court. October Adjourned Term, 1882.

Cole & Company sued Fryer on the following receipt:

"STATE OF GEORGIA—Early County.

Received of T. J. Flake, agent for M. Cole & Company, nurserymen, Atlanta, Georgia, the following fruit tree notes and the fruit trees for which said notes are given, with instructions to collect said notes, if possible, or to dispose of the trees to the very best advantage for the benefit of said company, for which service the said company, through their agent, agree to pay the value of five per cent for money collected without litigation, and ten per cent for money collected by litigation. Returns to be made to M. Cole & Company, Atlanta, Georgia, on the

15th day of January, 1874, and on the 15th day of March, 1874, of the money collected and the amounts remitted by express, and as often thereafter as a faithful administration of the business left in charge may require."

[Then follows a list of notes, most of them being for fruit trees, and some based upon other considerations.] The declaration alleged that the defendant had sold these fruit trees, had collected the money therefor, and had col lected also $28.73, for certain lumber, and that he had never accounted for or remitted the money so collected.

When the case was called, counsel for plaintiffs moved for a judgment. Counsel for defendant objected, on the ground that no process was attached to the declaration. On examination, it appeared that process was so attached, but counsel stated that none was attached to the copy served. The court inquired whether defendant proposed to open the default and plead, but he declined to do so. Personal service appearing from the sheriff's entry, the judge permitted plaintiff's counsel to take a verdict without introducing proof. Defendant excepted.

E. C. BOWER, by brief, for plaintiff in error.

R. H. POWELL; MYNATT & HOWELL, for defendants.

JACKSON, Chief Justice.

This case rests on a single point: Does the paper sued on come within the statute that, where there is personal service on the defendant, a verdict may be taken without proof of the open account sought to be recovered, no defence being made thereto?

1. The Code, §3457, declares, "When any defendant shall fail to appear and answer at the return term of the petition and process, the court shall enter default on the docket, which shall be considered a judgment by default, without a formal entry thereof, and the plaintiff's claim, allegation or demand shall be tried, in all cases of default,

by a jury, except as provided elsewhere in this Code, but no such trial shall, in any case, be had at the first term, except specially provided for by law: Provided that in all cases of suits on open accounts, in the several courts of this state, where the writ or process has been served personally, and there is no defence made by the party sued, either in person or by attorney, at the time the case is submitted for trial, the case shall be considered in default, and the plaintiff shall be permitted to take [judgment] as if each and every item were proved by testimony."

The first part of the above section was codified from the act of 1799, Cobb's Dig., p. 486; the proviso from the act of 1861, p. 59, and the constitution of 1868, Art. 5, sec. 3 par. 3. To make the act of 1861 conform to that clause, of the constitution of 1868, in place of the word "verdict" in the act of 1861 is substituted the word "judgment," in brackets in the proviso in the Code as, at the time of the codification of 1873. by the constitution of 1868, the jury gave no verdict, but the court entered judgment in such a case.

In the view we take of the codification of the act of 1861, and the alteration of the word "verdict" to "judgment" therein, we are clear that, inasmuch as the constitution of 1868 is not of force, and by that of 1877, no judgment could be rendered by the court on an open account, but only on an unconditional contract in writing, it is the verdict now which the jury may return by the act of 1861, which should be in the Code, and not the word judgment.

2. So that the naked question is this: Is a suit on a receipt for sundry promissory notes and accounts to be collected by the defendant, with an allegation that defendant has collected and failed to pay over the sums collected, an action on an open account in the sense of the act of 1861? We cannot so think. On the contrary it is a suit on a writing, on a receipt for papers, including several promissory notes as well as accounts, and an agreement to make returns therefor at certain times, with commissions

for collecting the same without suit, and higher commissions if suit is found necessary to collect any or all of the notes and accounts.

It reads as follows:

"Received * * * the following fruit tree notes and the fruit trees for which said notes were given, with instructions to collect said notes if possible, or to dispose of the trees to the very best advantage for the benefit of said company, for which service the said company agree to pay the rate of five per cent for money collected without litigation, and ten per cent for money collected with litigation. Returns to be made to M. Cole & Company, Atlanta, Georgia, on the 15th of January, 1874, and on the 15th of March, 1874, of the money collected, and the amounts remitted by express, and as often thereafter as a faithful administration of the business left in charge may require."

To this is appended a list of twenty odd promissory notes on various persons and a receipt for lumber confided to another person for sale; and then the entire paper at the end of the receipt and the list of notes, etc., is signed by defendant the 25th of December, 1873.

Such a receipt for such collection of notes and for another receipt on another man to bring him to account for lumber, is not an open account, so as to authorize, under §3457 of the Code, a verdict, without proof of the collections as alleged in the declaration and refusal to pay as also alleged, nor is it such an unconditional promise in writing as to authorize a judgment under the constitution of 1877.

Judgment reversed.