BREWSTER *c*. HAMILTON & COMPANY.

This case is controlled, with reference to attorney's fees, by *Coleman*
v. *Slade*, 75 *Ga.* 61 (14). And as to other questions, by *Craig* v.
*Herring*, 80 *Ga.* 709, *Mosely* v. *Walker*, 84 *Ga.* 274, and cases cited.
July 13, 1891.                                      *Judgment affirmed.*

Judgments. Attorney's fees. Contracts. Practice.
Before Judge MADDOX. Polk superior court. August
term, 1890.

Hamilton & Company sued Brewster on two prom-
issory notes. . Before the last day of the appearance
term of the case, defendant appeared and filed the plea
of the general issue. The appearance docket was not
called for the term to which the case was filed, and no
entry of default was made. The names of counsel
were marked opposite defendant's name in the case on
the issue docket. At the trial term on August 22,
1890, defendant by his counsel filed an amendment,
which amendment was a plea of partial payment. On
the last named day the judge presiding, on motion of
plaintiffs' counsel and over objection of defendant's
counsel, before the case was regularly reached on the
docket, called it up for the purpose of entering judg-
ment therein as in default. Defendant was not present
when the case was so called or during the trial of the
case, but resides within the limits of the county at a
place connected by railroad with the county site, and
the court gave defendant's counsel a day to send for
him before entering the judgment hereafter men-
tioned, which judgment was entered up on the last day
of the term, which had been held for two weeks. The
court dismissed both of the pleas on the ground that
they were not verified by the oath of defendant. Plain-
tiffs introduced the notes sued on, and the court there-
upon entered up judgment as in cases of default upon

unconditional contracts in writing. Defendant excepted and says that the judgment was illegal, in that the case was based on a conditional contract, and in that it was rendered in a case which was taken up out of its order on the docket and which was not in default and not so marked on the docket. Defendant also excepted to the ruling of the court in striking the pleas, and says that they presented an issuable defence, and it was not necessary that they should be verified by the oath of defendant, because the debt sued on was not an unconditional contract in writing. These notes were each signed by Brewster and each payable to the order of Battey & Hamilton. They were each for $145 with interest from maturity. Each provided that if after maturity it was placed in the hands of an attorney for collection, the maker agreed to pay ten per cent. upon the amount due, for attorney's fees, and that it might be transferred or assigned without notice. Each recited that its consideration was the purchase money of a gin, feeder and condenser, the vendors selling and delivering said property with the condition that the title thereto was to remain in them until the purchase price should be paid in full and all expenses on account of the sale; that if default was made in the payment of the indebtedness or any part thereof, the said firm as survivors, attorney, agent or assigns, at any time might take possession of the property or any part thereof, and if any part of the purchase money were paid before this was done, the firm or their assigns might sell the property at public or private sale at such prices and on such terms as they might deem advisable, and the maker of the note bound himself to pay all loss or damage which might be caused by his failure to pay the indebtedness when due, and waived any equities he might have, and directed that the property be sold to ascertain what loss or damage had been

sustained.   One of these notes contained credits, and each contained an entry of transfer by Battey & Hamilton to Hamilton & Company.

BLANCE & NOYES, by brief, for plaintiff in error.
IVY F. THOMPSON, by brief, *contra.*