## STONER *v.* PICKETT.

A promise to pay attorney's fees, embraced in a promissory note executed on September 19, 1896, is not enforceable unless an action be brought on such note and "a plea or pleas be filed by the defendant and not sustained."

Submitted May 1, — Decided June 7, 1902.

Complaint. Before Judge Fite. Bartow superior court. January 24, 1902.

*J. M. Neel,* for plaintiff, cited Suth. Stat. Con. §§ 137, 482 n. 2; Black's Const. Pro. §§ 216 – 219; 2 Hare's Am. Const. L. 742 – 3, 789 – 93; Cooley's Const. Lim. (5th ed.) 473; 6 Am. & Eng. Enc. L. (2d ed.) 948 – 9; 28 Id. (1st ed.) 475; 108 U. S. 143, 151 – 2; Id. 477, 488 – 9; 98 U. S. 308; 115 U. S. 620 – 634; 146 U. S. 162; 2 Pet. 412; 8 Pet. 110; 21 How. 414; 15 N. Y. 9; 28 Conn. 97; 30 Conn. 149; 47 Conn. 423; 7 Blackf. 474; 19 Ind. 68; 48 Ill. 351; 25 Gratt. 1; 27 Ark. 26; 1 Met. (Mass.) 154; 13 Wis. 238; 60 Iowa, 508; 8 Mass. 445; 39 Ala. 353; 54 *Ga.* 358; 56 *Ga.* 96; 87 *Ga.* 294; 91 *Ga.* 142; 111 *Ga.* 279; Pol. Code, § 6. Leave asked to review *Maynard* v. *Marshall,* 91 *Ga.* 846, and the cases there cited.

*Milner & Anderson,* for defendant, cited 23 Am. & Eng. Enc. L. 284; 15 Id. 1047; Sedg. Stat. Con. (2d ed.) 162, 166 – 7; Bish. Contr. 439 – 441, 567; Black, Confl. L. 544; Story, Const. (4th ed.) 245, § 1385; 2 S. E. 26; 10 *Ga.* 190; 73 *Ga.* 552; 87 *Ga.* 80; 91 *Ga.* 142; Id. 840; 92 *Ga.* 118; 105 *Ga.* 104; 106 *Ga.* 596; 110 *Ga.* 218; 111 *Ga.* 275; Civil Code, §§ 3673 – 4, 5730.

LUMPKIN, P. J. The only question which this case presents for our consideration is whether or not a stipulation for the payment of attorney's fees, embodied in a promissory note dated September 19, 1896, is, under the act of December 12, 1900, amending section 3667 of the Civil Code (Acts of 1900, p. 53, Van Epps'

Code Supp. § 6185), enforceable when an action is brought on the note and no defense thereto is filed. The trial judge decided this question in the negative, and in our judgment reached the right conclusion. The section of the code just cited, the provisions of which were of force at the time the above-mentioned note was given, reads as follows: " Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless a plea or pleas be filed by the defendant and not sustained." This section was under construction in the case of *Hall* v. *Pratt*, 103 *Ga.* 255, and in discussing its effect the writer said ( pp. 258 – 9): " All contracts to pay attorney's fees incorporated in promissory notes or other evidences of indebtedness must be construed in the light of section 3667 of the Civil Code, which by operation of law constitutes a part of all such contracts, and renders them void ' unless a plea or pleas be filed by the defendant and not sustained.' A promissory note, therefore, which stipulates for the payment of attorney's fees in the event of its collection by law, must be construed as if it embraced a condition to the effect that such promise is not to be binding unless the maker of it files a plea or pleas and fails to sustain the same. Therefore, in the present case, the contract made by Kirby was to pay to the order of Hall a stated number of dollars, and in addition thereto a certain amount of attorney's fees in case of suit, provided Kirby made an unsuccessful defense. As he made no defense at all, he was clearly not liable for attorney's fees." The act of 1900 amends section 3667 of the Civil Code, by providing that an obligation to pay attorney's fees shall be enforceable where " the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same, provided the holder of the obligation sued upon, his agent or attorney, notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought." It is obvious that this act can have no effect upon a promissory note given before its passage. To hold otherwise would be to give the act a meaning which would render it unconstitutional as impairing the obligation of contracts.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*