## AMERICAN MORTGAGE COMPANY OF SCOTLAND LIMITED *v.* RAWLINGS.

BECK, J. 1. Where A purchases a tract of land from B, and gives a purchase-money note therefor payable to B "or order," and B transfers said note by indorsement, together with the reserved title to the land, to C, C becomes thereby a party both to the note and to the contract of purchase; and if said note becomes barred by the statute of limitations, and A enters into a new agreement with C, whereby A promises to pay to C the balance due on said note, by installments running through several years, the consideration remaining the same, and no new security being added, the fact that the holder of said note has been substituted as payee, and the time of payment definitely extended, does not constitute such a novation between said maker and holder as would extinguish the original debt and create a new one. See *Wofford* v. *Gaines*, 53 *Ga.* 485; *Lott* v. *Dysart*, 45 *Ga.* 358; 21 Am. & Eng. Enc. Law (2d ed.), 663; 85 Ala. 401.

2. The original note sued on in this case contained a stipulation to pay ten per cent. attorney's fees "in case this note is collected by suit." This obligation to pay attorney's fees according to the terms of the original contract was a part of the liability revived or extended; and this is true although the law in regard to contracts for attorney's fees had been changed in the interval between the execution of the note and the date of the new promise, and again between the date of the new promise and the commencement of the present action. *Bird* v. *Adams*, 7 *Ga.* 509; *Vines* v. *Tift*, 79 *Ga.* 301; *Stoner* v. *Pickett*, 115 *Ga.* 653.

3. The present action having been brought on the original note for the amount of principal and interest remaining due and unpaid as well as for attorney's fees, the trial judge erred in refusing to allow the attorney's fees in the judgment which he rendered.

*Judgment reversed. All the Justices concur.*

Submitted June 6,—Decided December 12, 1906.

Complaint. Before Judge Parker. Washington superior court. September 6, 1905.

The Mortgage Company brought suit against Rawlings, and alleged, in substance, that on the 15th day of February, 1884, Rawlings made and delivered his promissory note payable to the order of F. W. Dunton on the first day of March, 1887; that said note was given for the purchase-money of certain described lands, and contained a stipulation for the payment of ten per cent. attorney's fees in the event it was collected by suit; that the note was not under seal, and a copy was attached to petition; that Dunton gave to defendant a bond for title to said land; that thereafter Dunton transferred said note and the title to said land to petitioner; and that on the fifth day of July, 1897, the defendant and the plaintiff entered into a written agreement in reference to the payment of said note, which agreement was as follows:

"Georgia, Washington County. This agreement made and entered into this the 5th day of July, 1897, between William Rawlings, party of the first part, and the American Mortgage Company of Scotland Limited, party of the second part, witnesses that whereas party of the first part, on November 4th, 1884, purchased of F. W. Dunton a certain tract of land in said county and described as follows [describing the land for which the above note was given], giving to said Dunton his purchase-money note for the sum of $4,000, due March 1st, 1887, with interest from date at the rate of eight per cent. per annum; and whereas said note has by indorsement and transfer become the property of the second party, and said second party holds the title to the land to secure said note, which is now in the hands of the attorney for said second party for collection: Now therefore, in consideration of the payment by the first party of one hundred and fifty dollars cash, receipt of which is hereby acknowledged, and also other agreements contained herein, the parties agree as follows:

"1st. Party of the first part will, on October 1st, 1897, pay on account of said note and interest the further sum," &c. [the agreement being that defendant might pay the balance then due, in installments running through several years].

"2nd. The second party agrees to extend the time for paying said note as above stated, and not to enforce the same by suit unless default should be made in some of the payments above stated.

"3rd. It is further agreed that the second party shall have and

continue to have a lien upon said land to secure the payment of the balance of said purchase-money until the same is fully paid."

Plaintiff prayed judgment against the defendant for the principal sum, interest, and attorney's fees as provided in the original note. Defendant admitted that he was indebted for principal and interest, but denied that he was bound for the attorney's fees. Movant assigns error upon the refusal of the trial judge to include, in the judgment rendered by him, the amount of attorney's fees as provided in said original note.

*William E. Simmons,* for plaintiff.

*Howard & Jordan* and *James K. Hines,* for defendant.