## MERRITT *v.* BANK OF CUTHBERT.

The obligation in a note to pay attorney's fees is enforceable only upon compliance with the statutory requirements, and in a suit on the note judgment can not be entered by the court for such fees. But where judgment is rendered by the court separately for principal, interest, and attorney's fees, this court, on exception to the judgment, may require it to be purged of the attorney's fees.
APRIL 22, 1915.

Complaint.   Before Judge Littlejohn.   Webster superior court. October 6, 1914.

*George P. Munro* and *M. H. Walker,* for plaintiff in error.
*J. F. Souter,* contra.

EVANS, P. J.   The plaintiff declared on a note stipulating for

attorney's fees, alleging that he had served the defendant with the notice required by law of his intention to bring suit and to claim the attorney's fees stipulated in the contract. The defendant answered the suit, but his pleas were stricken; and judgment was entered by the court, without a verdict, for the principal, interest, and attorney's fees claimed in the suit. The point is made that the court was without jurisdiction to enter a judgment including attorney's fees. The constitution declares that "The court shall render judgment, without the verdict of a jury, in all civil cases founded on unconditional contracts in writing, where an issuable defense is not filed under oath or affirmation." Civil Code (1910), § 6516. In construing this constitutional provision it has been held that in a case admitting of doubt the question of rendering judgment by the court without a jury is one not involving jurisdiction, but the proper exercise of jurisdiction, and the improper decision of it is mere error, which will not render the judgment void. *Georgia Railroad Co.* v. *Pendleton,* 87 *Ga.* 751 (13 S. E. 822); *Crow* v. *American Mortgage Co.,* 92 *Ga.* 815 (19 S. E. 31). However, the court has no jurisdiction to render a judgment upon a written contract, without the intervention of a jury, unless such judgment can be rendered without resort to any evidence except that afforded by the contract sued on. *Harris* v. *Woodard,* 133 *Ga.* 104 (65 S. E. 250). The obligation to pay attorney's fees in addition to the specified rate of interest upon a note is unenforceable, unless the debtor, after having received ten days written notice of the holder's intention to bring suit thereon, shall fail to pay the debt evidenced by the note on or before the return day to which suit is brought for the collection of the same. Civil Code (1910), § 4252. Hence, the collection of attorney's fees, being dependent upon the existence of the extraneous fact provided by the statute as a condition precedent to the debtor's liability, the court is without power to render judgment for the same without the intervention of a jury. In the judgment rendered by the court, the principal, interest, and attorney's fees were separately stated; and the judgment may be purged of its illegality by allowing the plaintiff to write off the attorney's fees. It appears from the record that after the bill of exceptions was tendered to the judge, and before he signed the same, the plaintiff's counsel voluntarily wrote off the judgment for attorney's fees, and obtained an order from the judge approving and allowing this

to be done. This order was taken in vacation, without notice to the plaintiff in error, and after he had lodged his bill of exceptions with the judge. Even if the trial court could have amended the judgment by writing off the attorney's fees, on the initiative of the plaintiff, it could not be done in this manner. We therefore treat the matter as if no attempt at amendment of the judgment had been made, and, in the exercise of the power vested in this court, direct that the judgment be affirmed on condition that when the remittitur is made the judgment of the court the defendant in error will remit and write off the item of attorney's fees from the judgment; otherwise the judgment will stand reversed.

*Judgment affirmed, on condition. All the Justices concur, except Fish, C. J., absent.*