## CLARK *v.* LUNSFORD.

1. A petition declared against A, B, and C, individually on a note having the following suffix to their signatures: "Trustees of B. S. & D. of Hebrews # 52," and judgment by default was rendered against the defendants as individuals. *Held,* that the judgment is not void because not authorized by the pleadings.
2. A default judgment in the superior court, rendered by the court on a promissory note for principal, interest, and attorney's fees (stating these amounts separately), will not be treated as an absolute nullity. The judgment will be held good as to the principal and interest, and void as to the attorney's fees.

JUNE 17, 1915.

Affidavit of illegality of execution. Before Judge Reid. Newton superior court. July 29, 1914.

*Rogers & Knox,* for plaintiff in error. *C. C. King,* contra.

EVANS, P. J. Evans Lunsford brought suit against William Clark, Jerry Wingfield, and B. G. Gaither, to recover a balance alleged to be due on a note signed by these defendants, who affixed to their names the words, "Trustees of B. S. & D. of Hebrews

33

# 52." The note provided for the payment of attorney's fees, and in the petition there was a recital that the statutory notice to claim attorney's fees in the judgment had been given. A judgment was entered against the defendants for the principal, interest, and attorney's fees claimed in the suit. Execution issued upon this judgment and was levied upon property of the defendants, who filed an affidavit of illegality on the grounds, that the judgment was void, because founded on a note signed by the defendants as "trustees of B. S. & D. of Hebrews # 52," a corporation, and the note only bound them as trustees, and not individually; and that the judgment included attorney's fees, and was entered by the court, without the intervention of a jury, as being upon an unconditional contract in writing, whereas the defendants averred that the note sued upon was not an unconditional contract in writing, because it contained a promise to pay attorney's fees, and no judgment could be entered for attorney's fees without aliunde proof, and the judgment is therefore void. The defendants also filed a motion to set aside the judgment, on the ground that it was a default judgment, and was entered by accident or mistake against them individually, when their liability was that only as trustees of the corporation. The cases were consolidated and tried together, and the court rendered a judgment overruling and dismissing the illegality, and refusing to set aside the judgment. Exception is taken to this judgment.

1. There is no merit in the contention that the judgment is void because the note which was the foundation of the suit was signed by the defendants as trustees. The suit was against the defendants as individuals, and judgment was prayed against them as such. The suffix to their signatures, "trustees of B. S. & D. of Hebrews # 52," is but descriptio personæ. There is nothing in the note to indicate that it was a corporate debt, or that the defendants were trustees of a corporation, or represented a corporation. They were sued as individuals, and they failed to defend. It is too late now to raise any question of their liability in that suit.

2. The other ground of illegality is, that the judgment is void because rendered by the court on a contract which was not unconditional. The constitution declares that "the court shall render judgment, without the verdict of a jury, in all civil cases founded

on unconditional contracts in writing, where an issuable defense is not filed under oath or affirmation." Civil Code (1910), § 6516. In the recent case of *Merritt* v. *Bank of Cuthbert,* 143 *Ga.* 394 (85 S. E. 104), it was held, that the obligation in a note to pay attorney's fees is enforceable only on compliance with the statutory requirements, and, in a suit on a note, judgment can not be rendered by the court for such fees; but that where judgment is rendered by the court separately for principal, interest, and attorney's fees, this court, on exception to the judgment, may require it to be purged of the attorney's fees. The note in the instant case was an absolute, unconditional promise to pay the principal and interest at a particular time. It also contained a promise to pay ten per cent. attorney's fees in case of collection by suit. The obligation to pay the principal and interest is not conditioned upon the liability to pay attorney's fees. If the plaintiff had brought his action for the principal and interest, it would hardly be contended that the contract as to that claim was not unconditional, and that a judgment could not be rendered by the court. In addition to the contract to unconditionally pay the principal and interest, the defendants further contracted to pay ten per cent. attorney's fees in case of suit. The statute does not permit the enforcement of this obligation, unless the necessary notice of the time of bringing suit is given. We think the proper practice in suits upon notes where attorney's fees are claimed is to take a verdict for the whole, but where the contract is unconditional as to the principal and interest, and only conditional as to attorney's fees, we think the court would have jurisdiction, under the constitution, to enter up judgment for the principal and interest. If, however, he included in that judgment attorney's fees, in a separate item, so much of the judgment as relates to the recovery of attorney's fees will be treated as void. The whole judgment would not be void; it will be held to be valid as to the principal and interest, and void as to the attorney's fees. Accordingly, the judgment is affirmed, with direction that the court amend the judgment, directing the fi. fa. to proceed for the principal and interest.

*Judgment affirmed, with direction. All the Justices concur.*