## THOMPSON *v.* BOBO, sheriff, *et al.*

1. Recitals in a judgment rendered by a court upon issues made in a money-rule proceeding, holding that a fi. fa. relied upon by one of the parties claiming the fund in the hands of the sheriff was void because of want of jurisdiction of the person of the defendant in the court rendering the judgment upon which the fi. fa. was based, were not binding upon another creditor of the same defendant, who was not a party to the money rule; and consequently, in a contest between a fi. fa. held by the creditor last referred to and one held by a party to the money rule, those recitals would not be conclusive in favor of the creditor who was not a party and against him who was a party to the rule, inasmuch as estoppels must be mutual.

2. A judgment in a superior court for principal, interest, and attorney's fees, rendered as upon an unconditional contract in writing, without the intervention of a jury, while good as to the principal and interest, is void as to the attorney's fees.

FEBRUARY 19, 1916. REHEARING DENIED MARCH 2, 1916.

Money rule. Before Judge Walker. Wilkes superior court. November 4, 1914.

*W. A. Slaton,* for plaintiff.

*J. M. Pitner, C. E. Sutton,* and *Colley & Colley,* for defendants.

BECK, J. John T. Thompson, as transferee of certain executions, brought a rule against W. O. Bobo, sheriff of Wilkes county, alleging in the petition that the sheriff had in his hands a sum of money arising from the sale of the property of Mrs. S. J. Sutton. The fi. fas. of which Thompson was transferee were issued upon judgments in favor of Thomas J. Brown, and entered on the general execution docket of Fulton county the 25th day of April, 1913, being against S. J. Sutton, maker, and T. B. Sutton, indorser; four of the executions being for the sum of $100 each and one for the sum of $50. The petition also showed, that Thompson was the holder and owner of another execution

for the principal sum of $412, issued from the March term, 1913, of the city court of Atlanta; and that all of said executions had been placed in the hands of said sheriff by petitioner, who claims the money now in the sheriff's hands arising from the sale of the property aforesaid. G. T. Anthony and G. Y. Lowe, upon their petitions, were by order of court made parties to the rule. Thompson, the movant, offered in evidence the executions above referred to, of which he was the holder, each of the executions issuing from a justice's court, having been duly backed by a justice of the peace of Wilkes county. Anthony claimed the money under a fi. fa., which he introduced in evidence, in favor of G. T. Anthony v. Mrs. S. J. Sutton, dated April 17, 1911, and entered on the general execution docket of Wilkes county, April 20, 1911, and of Fulton county, June 24, 1911, for the sum of $724. The money was also claimed by an execution, which was introduced in evidence, in favor of the National Bank of Wilkes v. S. J. Sutton and T. B. Sutton, makers, and G. Y. Lowe, indorser, issued from Wilkes superior court, November 8, 1912, "all of said execution [last referred to] except attorney's fees, amounting to $40.54, having been paid from the fund in the hands of the sheriff, which attorney's fees having been paid by G. Y. Lowe, the indorser, he is now seeking to collect by enforcing the fi. fa. in his favor." There was also offered in evidence a judgment of the superior court of Wilkes county, rendered December 10, 1912, reciting a contest for the funds in the hands of the sheriff between a fi. fa. based upon a judgment in the case of the Bank of Tignall et al. v. Bobo, sheriff, and G. E. Lyndon, Citizens National Bank, Lyndon, Smith & Co., G. T. Anthony, W. T. Florence, National Bank of Wilkes, and R. E. Lowe, the parties named being the holders of executions against S. J. Lowe and T. B. Sutton, defendants in fi. fa., and G. Y. Lowe being the security on one of the fi. fas. contesting in said case. The court held, in the judgment referred to, that the fi. fa. in favor of Anthony against Mrs. Sutton and the fi. fa. in favor of the National Bank of Wilkes against S. J. and T. B. Sutton, and G. Y. Lowe, indorser, were void, having been rendered in the superior court of Wilkes county at a time when the defendants were residents of Fulton county, and ordered the money paid to other fi. fas. The fi. fas. in favor of Anthony and the National Bank of Wilkes v. S. J. and T. B.

Sutton, makers, and G. Y. Lowe, indorser, referred · to above, were the same executions which Anthony and Lowe are now seeking to enforce in the present proceedings. The judgment of the superior court which is referred to above, and which is set out in part, was excepted to by Anthony and others and brought to this court. The Supreme Court in the case of *Anthony* v. *Bobo,* 141 *Ga.* 440 (81 S. E. 128), affirmed the judgment of the court below, with directions; and it was held that so much of the judgment as declared the Anthony execution and the Lowe execution nullities should be so modified as to adjudicate that they were "invalid only in so far as they affect the rights of other contesting creditors in the case holding judgments against the same debtors." Neither Thompson nor the parties who transferred the executions to him which he is seeking to enforce were parties to that judgment. The execution in favor of the National Bank of Wilkes against S. J. Sutton and T. B. Sutton, makers, and G. Y. Lowe, security, was issued upon a judgment which was introduced in evidence and reads as follows: "There being no issuable defense in this case filed under oath as provided by law, judgment is rendered by the court in favor of the plaintiff and against the defendants, S. J. Sutton and T. B. Sutton, makers, and G. Y. Lowe, security. Three hundred eighty dollars and 45 cents principal, and twenty-five dollars interest and forty and 54/100 dollars attorney fees and ———— costs. Nov. 5th, 1912." After the hearing of the case the court rendered judgment directing the sheriff to pay out the fund in his hands to the executions held by G. T. Anthony and G. Y. Lowe; to which judgment Thompson, the movant, excepted.

1. We are of the opinion that the court did not err in that part of the judgment which sustains the contention of Anthony that his fi. fa. should be paid. The execution is based upon a judgment older than those upon which the executions held by Thompson are founded, and there is nothing in the record to show that at the time of the rendering of the judgments in favor of Anthony the courts were without jurisdiction of defendants in fi. fa. No evidence at all was introduced at this trial as to the residence of T. B. Sutton and Mrs. S. J. Sutton. It is true that a judgment in a former case, reciting certain facts as to the residence of these defendants in fi. fa., was introduced, but neither

Thompson nor Brown, the transferor of the execution held by Thompson, was a party to that case. Anthony was, it is true; but since the recitals in that judgment would not be conclusive against Thompson, they are not conclusive against Anthony; and the presumption in favor of the validity of the judgment in favor of Anthony, it having been rendered by a court of competent jurisdiction, must prevail.

2. We are of the opinion, however, that the court erred in ordering the money paid to the fi. fa. which Lowe is seeking to enforce. The judgment for attorney's fees, upon which this fi. fa. was based, having been rendered by a court as upon an unconditional contract in writing, without the intervention of a jury, was void as to the attorney's fees. *Clark* v. *Lunsford,* 143 *Ga.* 513 (85 S. E. 708).

In view of what we have said above, the judgment of the court awarding to the fi. fa. held by Anthony is affirmed, but it must be reversed in so far as it directs payment of the fi. fa. which Lowe is seeking to enforce to collect the attorney's fees.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*