## GLENNVILLE BANK *et al.* v. DEAL *et al.; et vice versa.*

1. The venue of an action on a promissory note against the maker, who is sued with the indorsers thereon, is the county of the residence of the maker; and if such an action be brought in the county of the residence of the indorsers, where the maker resides in another county, the court is without jurisdiction as to the person of the maker to render judgment against him. But, so far as the parties to the suit are concerned, the maker may waive the want of jurisdiction as to his person. Such waiver results where the maker, after judgment against him, gives a bond in terms of the statute to stay the judgment.

2. Though a defendant may not so waive a want of jurisdiction as to his person as to affect third persons, yet purchasers from him, whose rights originate after the judgment against him rendered after such waiver by him, are bound by his waiver, on the principle of estoppel.

3. It is too late, after the rendition of a judgment binding on the defendant, to urge matters of defense which should have been pleaded in the cause, as ground for enjoining the enforcement of the judgment.

4. In a suit on a note providing for the payment of attorney's fees in addition to the principal and interest, the court is without jurisdiction to include in the judgment, as rendered on an unconditional contract in writing, any amount for attorney's fees. But where the items of principal, interest, and attorney's fees are separately stated in the judg-

ment, in a proper case the plaintiff may be enjoined from enforcing so much of the judgment as embraces the item of attorney's fees, leaving it to be enforced for the principal and interest.

NOVEMBER 16, 1916.

Injunction. Before Judge Sheppard. Tattnall superior court. February 18, 1916.

In October, 1910, W. U. Rogers sold to J. C. Deal certain land, and executed to him a bond conditioned to make good and sufficient warranty title to the land, free from all incumbrances, taking from Deal three promissory notes for the sum of $2000 each. Afterwards Rogers procured three indorsers on the notes, without the knowledge of Deal, and indorsed the notes to the Glennville Bank. The first of the notes was paid by Deal, who also made a substantial payment on the other notes. The Glennville Bank instituted in the city court of Reidsville, a court entertaining jurisdiction over Tattnall county, an action on the notes against J. C. Deal, the maker, residing in Appling county, and against the indorsers, residents of Tattnall county. A default judgment was rendered by the court, without a jury, against all of the defendants for the amount claimed to be due, including attorney's fees. J. C. Deal obtained a stay of execution upon the judgment, by filing a bond with security in terms of the statute. Subsequently he sold his interest in the property to H. P. Deal, D. C. Deal, and C. D. Deal, and transferred to them his bond for title. The transferees thereafter made substantial payments upon the judgment. The execution, which was proceeding for the balance due on the judgment, was levied upon the land included in the bond for title. Thereupon J. C. Deal, H. P. Deal, D. C. Deal, and C. D. Deal instituted an action against the Glennville Bank and W. U. Rogers, praying, inter alia, for an injunction against the levy and sale of the property under the fi. fa. It was alleged, that the judgment against J. C. Deal was void, because the city court of Reidsville had no jurisdiction of his person; that at the time of the purchase by him from Rogers there existed certain incumbrances upon the property which had not been removed, and Rogers was insolvent; and that the judgment was void for the reason that it was rendered by the court as upon an unconditional contract in writing, without the intervention of a jury, and the court was without jurisdiction to render a judgment for attorney's fees. At the interlocutory hearing the court temporarily enjoined the

plaintiff from enforcing the judgment to the extent of the attorney's fees, and allowed the execution to proceed for the collection of the balance due on the judgment. Both parties sued out bills of exceptions.

*H. C. Beasley,* for Glennville Bank *et al.*

*Collins & Stanfield,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. The constitution declares that a citizen of this State, except in specified instances, must be sued in the county of his residence. Suits against joint promisors, joint obligors, copartners, or joint trespassers, residing in different counties, may be tried in either county. Suits against the maker and indorser of promissory notes, residing in different counties, shall be brought in the county where the maker resides. Civil Code (1910), §§ 6541, 6542. The action of the Glennville Bank against J. C. Deal as maker, and the other defendants as indorsers, was not an action against joint promisors or joint obligors, and therefore was not legally brought against the maker of the note in the city court of Reidsville, because he was a resident of Appling county. As a general rule, a judgment rendered by a court not having jurisdiction of the person against whom judgment is rendered is void. *Parish* v. *Parish,* 32 *Ga.* 653; *Central Bank* v. *Gibson,* 11 *Ga.* 453. Nevertheless, if the court has jurisdiction of the subject-matter, want of jurisdiction of the person may be waived, so far as the rights of the parties are concerned. Civil Code (1910), § 5663. If J. C. Deal had appeared and pleaded to the merits, the judgment would have been binding upon him. He filed no plea, but after the judgment was rendered he recognized the validity of the judgment by giving a bond to secure a stay of execution. The statute provides for a stay of execution if the defendant within four days after the adjournment of the court shall enter into a bond with good and sufficient security for the payment of such verdict or judgment and costs within sixty days. Civil Code, §§ 6044, 6045. J. C. Deal could have ignored the judgment as not being a valid lien against him and his property, but he voluntarily appeared in the court which had rendered the judgment and obtained a stay of execution. By giving the stay bond he obtained an extension of time in which to pay the judgment. Its condition was that the defendant would pay, and in default of such payment the

9

sureties would pay, when the stay expired. The giving of the stay bond was a recognition of the validity of the judgment, and amounted to a waiver of want of jurisdiction as to the person, and the defendant is now estopped from setting up its invalidity on account of lack of jurisdiction of the court over his person. Shafer *v.* Hockheimer, 36 Ohio St. 215.

2. Though the statute (Civil Code, § 5663) declares that a defendant's waiver will not affect third persons, yet under the facts of the case the defendant's transferees stand in no better relation to the judgment than he does, for the reason that they acquired their interest in the land by an assignment of the bond for title subsequently to the judgment and the filing of the stay bond by their assignor, J. C. Deal. Furthermore, they acquiesced in the validity of the judgment by making substantial payments thereon for some time prior to a levy of the fi. fa. upon the land.

3. With regard to the defense of failure of consideration because of the omission of Rogers to remove the incumbrances from the land, such defense is concluded by the judgment rendered in the city court of Reidsville.

4. The judgment was rendered by the court, without the intervention of a jury, for principal, interest, and attorney's fees, on the theory that the obligation to pay attorney's fees was unconditional. The obligation in a note to pay attorney's fees in addition to the principal and interest is unenforceable, unless the debtor, after having received ten days written notice of the holder's intention to bring suit on the note, shall fail to pay the debt evidenced by it on or before the return day to which suit is brought for the collection of the same. Civil Code (1910), § 4252. A recovery of attorney's fees is conditioned on compliance with the statute. In a suit on a note containing a promise to pay attorney's fees, judgment can not legally be rendered by the court for such fees without a verdict; but where the judgment separates the items of principal, interest, and attorney's fees, on exception to the judgment it may be purged of the attorney's fees. *Merritt v. Bank of Cuthbert*, 143 *Ga.* 394 (85 S. E. 104). It has been held in a claim case that the court will not declare such a judgment void because of the improper inclusion of attorney's fees, but will purge it of the attorney's fees and allow it to stand for principal, interest, and costs. *Wheeler* v. *Martin*, 145 *Ga.* 164 (3),

170 (88 S. E. 951). The attorney's fees in the judgment in the case at bar were separable from the amounts awarded as principal and interest; and as the illegal part could be separated, there was no error in the court's enjoining the enforcement of the judgment for the collection of the attorney's fees and allowing it to proceed for the collection of the principal, interest, and costs.

*Judgment affirmed on both bills of exceptions. All the Justices concur.*