8664. FARMERS & MERCHANTS BANK, for use, etc., v. ALFORD, receiver, et al.

JENKINS, J. 1. A judgment by default, entered by the superior court as on an unconditional contract in writing, wherein the amounts for principal, interest, and attorney's fees are separately stated, will be held good as to the items for principal and interest, and void as to attorney's fees. *Clark* v. *Lunsford*, 143 *Ga.* 513 (85 S. E. 708); *Thompson* v. *Bobo*, 144 *Ga.* 713 (87 S. E. 1056); *Glennville Bank* v. *Deal*, 146 *Ga.* 127 (90 S. E. 958); *Valdosta &c. R. Co.* v. *Citizens Bank*, 14 *Ga. App.* 329 (80 S. E. 913).

2. The contention that the judgment for attorney's fees thus obtained in the year 1909 should be sustained upon a presumption of its validity, for the reason that it does not appear from the agreed statement of facts whether the note sued on was executed before or after the act of 1891 (Ga. L. 1890-1, p. 221), pertaining to the collection of attorney's fees, is not sound, since the agreed statement, by showing that the statutory notice required by the present law had been given and that no denial thereof had been made, clearly indicates that the note was executed subsequently to the act of 1891, and that the case was tried in the court below on that basis. Moreover, a judgment rendered on a note executed prior to that act would, under the agreed facts, be itself void on its face as to attorney's fees, since the judgment recites that no defense was filed and that the case was in default. See Civil Code of 1895, § 3667; *Head* v. *Bridges*, 67 *Ga.* 227; *Parish* v. *Parish*, 32 Ga. 653; *Franklin County* v. *Crow*, 128 *Ga.* 459 (57 S. E. 784).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED DECEMBER 28, 1916.

Money rule; from Hart superior court—Judge Worley. December 28, 1916.

*W. L. Hodges* for plaintiff in error.
*James H. & Parke Skelton,* contra.