### 8919. JOWERS & SON *et al. v.* KIRKPATRICK HARDWARE COMPANY.

BLOODWORTH, J. 1. Where suit is brought in the superior court on an open account, and there is personal service and no plea is filed, a judgment rendered by the court without the intervention of a jury is void. "The court can enter up judgment without a jury only in 'civil cases founded on unconditional contracts in writing, where an issuable defense is not filed under oath or affirmation.'" *Thornton* v. *Mutual Building & Loan Association,* 113 *Ga.* 1141 (39 S. E. 481); *Rodgers* v. *Caldwell,* 112 *Ga.* 635 (37 S. E. 866); *Erambert* v. *Scarborough,* 46 *Ga.* 398; *Fryer* v. *Cole,* 70 *Ga.* 687; *Stephens* v. *Gate City Gas-Light Co.,* 81 *Ga.* 150 (6 S. E. 838); *Harris* v. *Woodard,* 133 *Ga.* 104 (65 S. E. 250); *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (78 S. E. 713); *Merritt* v. *Bank of Cuthbert,* 143 *Ga.* 394 (85 S. E. 104); *Clark* v. *Lunsford,* 143 *Ga.* 513 (2) (85 S. E. 708); *Thompson* v. *Bobo,* 144 *Ga.* 713 (2) (87 S. E. 1056); Civil Code (1910), §§ 5655, 5660, 5661, 5662, 5663.

2. A void judgment "is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." Civil Code (1910) § 5964. "A 'void' judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever, it has no effect as a lien upon his property, it does

not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril. As to third persons, it can neither be a source of title nor an impediment in the way of enforcing their claims. It is not necessary to take any steps to have it reversed, vacated, or set aside. But whenever it is brought up against the party, he may assail its pretensions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral." Black on Judgments, § 170.

3. The fact that an execution was issued on a void judgment and levied does not give vitality to the judgment.

4. Where such an execution was issued and levied, and thereafter, on motion of the plaintiff, in which it was alleged "that said judgment was null and void for reason that it was obtained without a jury, said suit being based upon an open account," the judge passed the following order: "It appearing that on the 20th day of February, 1915, judgment was obtained in the above-stated case, and that the same was void, it is therefore ordered and adjudged by the court that the said case be reestablished and be placed on issue docket in same manner it appeared before the void judgment was obtained, and dismiss judgment obtained," the effect of the order was simply to declare the judgment void, and it was not necessary to give the defendant any notice of said motion. "A void judgment is really no judgment. It leaves the parties litigant in the same position they were in before the trial. It leaves them in exactly the same position as if no trial had taken place." State *v.* Bates, 22 Utah, 71 (61 Pac. 906, 83 Am. St. R. 768).

5. Where a void judgment is entered, the original case stands for trial in its order on the docket, and it is not error for the court to call and dispose of it as though no judgment had been rendered.

6. In the instant case it appears from the record that at the time of the original judgment the case was in default, that the defendant was represented by attorneys at the time of the final trial, and filed certain objections to the proceedings before the trial, but filed no plea to the merits, and has never indicated that he has any defense or wishes to file any.

7. The court did not err in setting aside the original judgment and allowing a trial of the case.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

Decided February 7, 1918.

Complaint; from Marion superior court—Judge Howard. April 26, 1917.

*W. B. Short, W. D. Crawford,* for plaintiffs in error.