KIRKPATRICK *et al. v.* FAW, executor.

No. 11520. March 12, 1937. Rehearing denied March 20, 1937.

174

*H. B. Moss,* for plaintiffs in error. *Morris & Welsch,* contra.

BELL, Justice. ■ This was an action for land, based upon a security deed, the plaintiff alleging by amendment that the debt was past due and unpaid. This is the third appearance of this case in this court. The only questions now for determination are whether the amendment referred to in the preceding statement was sufficient to state a valid defense based upon alleged usury, and whether the evidence demanded the verdict which the court directed in favor of the plaintiff. This note and security deed were executed on March 8, 1906. At that time all titles to property made as a part of an usurious contract or to evade the laws against usury were void. Code of 1895, § 2892; Code of 1910, § 3442. The note and security deed here in question were delivered to the plaintiff in "renewal" of a judgment rendered against the defendants in 1896, in a suit on other notes, which judgment and the execution based thereon were in some way acquired by the plaintiff and were held by him at the time the present note and security deed were signed and delivered to the plaintiff by these defendants. This note, as well as the several notes upon which the judgment was founded, contained a stipulation to the effect that interest past due and unpaid should be treated as principal and should, like the original principal, bear interest at the rate of eight per cent. per annum. Such a stipulation was valid, and did not render any of the notes usurious. *Wardlaw* v. *Woodruff,* 175 *Ga.* 515 (11) (165 S. E. 557). It is contended, however, that the judgment in renewal or satisfaction of which the present note was given contained an item of $367.15 for attorney's fees, for which the court could not render a judgment without a verdict, because as to this item the action was not based upon an unconditional contract in writing within the meaning of the law which permits a judgment without the verdict of a jury in such

cases where no issuable defense is filed under oath or affirmation. Code of 1910, §§ 6295, 6516. It is insisted that this alleged item of usury by the accumulation of interest increased to about $800 from the time of the judgment to the date of the instant note; and that, the note being to this extent usurious, the security deed was void under the applicable law relating to forfeitures for usury. In support of the contention that an obligation for the payment of attorney's fees is conditional, so that the court can not render a valid judgment thereon without the verdict of a jury, the following cases, among others, were cited: *Clark* v. *Lunsford,* 143 *Ga.* 513 (2) (85 S. E. 708); *Thompson* v. *Bobo,* 144 *Ga.* 713 (2) (87 S. E. 1056); *Glennville Bank* v. *Deal,* 146 *Ga.* 127 (4) (90 S. E. 958). These decisions were based on the act of December 12, 1900 (Ga. L. 1900, p. 53), whereby the right to collect attorney's fees was made conditional upon the failure of the debtor to pay the debt on or before the return day of the court, after a prescribed notice of ten days. Code of 1910, § 4252. Next before that was the act of July 22, 1891 (Ga. L. 1890-1, p. 221), declaring that an agreement to pay attorney's fees upon a note or other evidence of indebtedness should be void unless the debtor filed a plea which was not sustained. Code of 1895, § 3667. Before the passage of this statute such an obligation to pay attorney's fees in a stated amount, as ten per cent., was not only valid, but could be unconditional. *DeLamater* v. *Marlin,* 117 *Ga.* 139, 140 (43 S. E. 459); *American Mortgage Co.* v. *Rawlings,* 127 *Ga.* 82 (3) (56 S. E. 110); *Keating* v. *Woods-Young Co.,* 42 *Ga. App.* 63 (3), 72 (155 S. E. 206); 8 C. J. 1096, § 1432. In *Coleman* v. *Slade,* 75 *Ga.* 61 (14), decided on January 5, 1886, it was held that the notes there in suit were unconditional contracts in writing so as to permit judgment thereon without a jury, notwithstanding they contained an obligation to pay attorney's fees. This ruling was followed in *Brewster* v. *Hamilton,* 87 *Ga.* 547 (13 S. E. 660). In *National Bank of Athens* v. *Danforth,* 80 *Ga.* 55 (8), 70 (7 S. E. 546), Chief Justice Bleckley speaking, it was held: "A contract to pay attorneys' fees for collecting, in addition to principal and interest, is not on its face usurious; nor does it become usurious by reducing the debt to judgment, and including in the judgment ten per cent. for attorneys' fees. The law of Georgia recognizes the validity of such a stipulation, and

it meets the justice of the case very frequently for the debtor to pay for the collection rather than the creditor." See also *Young* v. *First National Bank of Covington*, 22 *Ga. App.* 58, 62 (95 S. E. 381).

In rendering the judgment of March 20, 1896, it was proper for the court, so far as was done, to proceed under the law relating to attorney's fees as it existed at the time the notes were respectively executed. *Stoner* v. *Pickett*, 115 *Ga.* 653, 654 (42 S. E. 41); *Jones* v. *Peterson*, 117 *Ga.* 58 (2), 60 (43 S. E. 417); *Long* v. *Gresham*, 148 *Ga.* 170 (2) (96 S. E. 211). It will thus be seen that if the judgment of March 20, 1896, was at all invalid as contended, such invalidity related to only a small portion of the attorney's fees, namely ten per cent. of the principal and interest due on the two notes executed after the passage of the act of July 22, 1891, one for $78.40, dated February 22, 1892, and the other for $62.25, dated May 19, 1894. So the invalid part of the judgment amounted to only about $17, and under well-settled principles such distinct and separable invalidity did not affect the other portions of the judgment. For the purposes of this case we may assume that if the note of March 8, 1906, included this item of $17 it was to that extent tainted with usury, thus rendering void the security deed; but in this statement we do not mean to decide or even intimate that a note or contract becomes usurious merely because it contains an item so arising for which the debtor may not become liable. After crediting the sum of $934.30, paid on January 12, 1903, the judgment with lawful interest amounted to more than $5500 on March 8, 1906. To this could have been added about $360 lawfully recovered as attorney's fees. On that date the defendants signed and delivered to the plaintiff a note for $3407, and at the same time executed the security deed which is the basis of the present action. This note being for about $2500 less than the total valid amount of the judgment, the necessary conclusion is that it did not embrace the small item of $17, which, as we have assumed above, might have been treated as usury if included therein. The only reasonable inference to be deduced from the defendants' amendment is, that, in the execution of the note and security deed, all improper items were eliminated, and that in addition to this the plaintiff discounted the judgment in a substantial amount. Accordingly, the

allegations contained in the amendment did not show that the note and security deed were infected with usury. 66 C. J. 256, 259, §§ 219, 223. Moreover, since the note was given for such a greatly reduced amount, it appears that the whole sum recovered as attorney's fees must have been abandoned. So, even on the theory advanced by the defendants no usury is shown. It follows that the court did not err in striking the defendants' amendment, so far as it was assailed by the plaintiff's demurrer.

■ The evidence demanded the inference that the security deed was valid, and that some portion of the debt was past due and unpaid. Therefore the plaintiff was entitled to recover the land for the purpose of holding and controlling the same until the net amount received as rents and profits is sufficient to satisfy the remainder of the indebtedness. *Polhill* v. *Brown,* 84 *Ga.* 338 (10) (10 S. E. 921); *Gunter* v. *Smith,* 113 *Ga.* 18 (3) (38 S. E. 374); *Marshall* v. *Pierce,* 136 *Ga.* 543 (71 S. E. 893). The security deed was made to "E. L. Faw, executor of the estate of E. Faw, deceased." It is contended by the defendants that this was a deed to E. L. Faw as an individual, and that it did not authorize a recovery by E. L. Faw as executor. It is insisted most earnestly by the able counsel for the plaintiffs in error that the evidence upon this question was such as to make it improper for the court to direct the verdict in favor of the plaintiff; and in this connection reference is made to the testimony of the plaintiff, from which it does not clearly appear that he purchased the Winters judgment with funds of the estate. It seems that under the ruling made on the first appearance of this case (180 *Ga.* 764 (2), supra), the executor could treat the deed as having been executed and delivered to him for and on behalf of the estate, even though the consideration therefor may have flowed from him as an individual; and also that the mere institution of suit by him as executor would constitute such an election. Compare *Cocke* v. *Bank of Dawson,* 180 *Ga.* 714 (2), 720 (180 S. E. 711). But, regardless of this question, the defendants in the first paragraph of their amendment admitted "the execution of the deed from defendants and their sister, Laura, to E. L. Faw as executor of the estate of E. Faw," and in view of this admission solemnly made in their pleadings they can not now be heard to contend that the deed was not made to the plaintiff in his representative capacity.

■

178

Code of 1910, § 5775; *Royal* v. *McPhail,* 97 *Ga.* 457 (5) (25 S. E. 512); *Peacock* v. *Terry,* 9 *Ga.* 137 (6), 150; *Hampton* v. *Thomas,* 11 *Ga.* 317, 320; *East Tennessee &c. Railway Co.* v. *Kane,* 92 *Ga.* 187 (5) (18 S. E. 18, 22 L. R. A. 315); *Kelly* v. *Strousé,* 116 *Ga.* 872 (5) (43 S. E. 280). The evidence demanded the verdict for the plaintiff as directed by the court, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*