29983. TEMPLE *v.* DAVISON CHEMICAL CORPORATION.

DECIDED JUNE 30, 1943.

*R. Howard Gordon, Rupert A. Brown,* for plaintiff in error.
*Joe K. Telford, J. D. Tindall,* contra.

PER CURIAM. The defendant admits that he executed the note, that the plaintiff is the legal holder thereof, entitled to sue thereon, but that the defendant is not liable by reason of certain defenses alleged in his plea and answer. The allegations of the defendant in his plea and answer that by reason of an alleged agreement between him and the plaintiff the note was executed in the amount of the price of the fertilizer and products which he received from the plaintiff to be sold by him but that these notes would remain in the defendant's hands and be handled and collected by him and the proceeds credited on the note sued on, and that if the defendant be not allowed to handle the customers' notes as agreed, the note sued on would not become operative as a presently binding contract, and that the plaintiff, without the defendant's consent, took from the defendant these customers' notes, are insufficient to show that the note sued on was conditionally delivered to the plaintiff and was not an unconditional obligation to pay, and that the plaintiff would not be entitled to sue thereon. This agreement can not be engrafted on, or read into, the note. The note is an unconditional obligation of the defendant to pay the plaintiff the amount of the fertilizers which the defendant had handled and sold for the plaintiff to the various customers. The alleged agreement urged by the defendant as a defense to the note is a part of the entire agreement. By its terms the defendant is placed in the advantageous situation where he himself can collect from the customers the amounts due on their notes, and apply such proceeds on the note sued on which is only a guaranty by the defendant of the indebtedness of the various customers to whom he had sold fertilizers for the plaintiff. If the plaintiff took from the defendant

these customers' notes without the defendant's consent it violated this contract to the defendant's damage in whatever amount may be shown by proof. The defendant's plea in setting up a violation by the plaintiff of this contract is in the nature of a counter suit for damages for a breach of the contract.

The plea and answer of the defendant contained a valid defense to the note sued on. The court therefore erred in sustaining the plaintiff's general demurrer to the defendant's plea and answer and in rendering judgment for the plaintiff in the amount of the note sued on.

*Judgment reversed. Stephens, P. J., and Felton, J., concur. Sutton, J., dissents.*

FELTON, J., concurring specially. On demurrer pleadings are construed against the pleader. One can not be the "holder" of a negotiable instrument, in the legal sense of the word, unless it comes into his hands as an unconditional, prima facie enforceable obligation of the party executing it. Code, § 14-102, catchword "holder." The note sued on is a negotiable instrument and the defendant admitted in his answer that the plaintiff was the holder thereof in order to be entitled to the opening and concluding argument. Such admission was a necessary prerequisite to such a right. *Farmers & Merchants Bank of Brewton* v. *Brantley,* 20 *Ga. App.* 774 (93 S. E. 237), and cit. The allegation that the note was conditionally delivered is inconsistent with the admission that the plaintiff was the holder. As stated by Judge Russell in the case of *Thompson* v. *Carter,* 6 *Ga. App.* 604 (65 S. E. 599), the conditional delivery of the note to the payee would be equivalent to delivering it to a third person to be delivered to the payee upon the happening of a condition. If the condition is never complied with or does not come to pass the note can not be said to have been delivered to the payee and that he is the holder. I do not concede that the effort on the part of the defendant to plead a conditional delivery is successful, but assuming that it is, he can not admit unconditional delivery in one breath and deny it in another under the facts of this case where the rule permitting inconsistent defenses is not applicable. *Fowler* v. *Johnson,* 151 *Ga.* 122 (106 S. E. 90); *Kirkpatrick* v. *Faw,* 184 *Ga.* 170 (190 S. E. 566). The defense as to a conditional delivery can not be upheld under the pleadings.