32856. HARTLEY *v.* WOOTEN, administrator.

DECIDED MAY 3, 1950.

E. T. Averett, E. W. Jordan, for plaintiff.

M. C. Barwick, for defendant.

GARDNER, J. 1. (a) The defendant contends that since the agreement provided that the court "may direct a verdict against W. W. Hartley" that he was without authority to enter judgment without a jury verdict. We think the clear interpretation of this agreement is that the Hon. R. H. Humphrey was authorized to enter a judgment without the uselessness of summoning a jury, and the directing them to enter a verdict. It must be kept in mind that at the time the agreement was entered it was evidently the intention of all parties that a jury might be needed or the court might desire a jury in winding up the equitable petition. We do not think that the law required a useless thing to be done. The agreement bound the defendant to file no further defense and to urge no further defense already filed. If a jury had been summoned, just what authority would they have had? The whole agreement left the matters with reference to these issues and these agreements to the superior court. We think that in effect the agreement was a withdrawal of any issuable defense filed by W. W. Hartley to the note upon which he was sued. The action of this note being left by the whole record without any valid issuable defense, the court without intervention of a jury could have rendered a judgment. The agreement authorizing the court to render a judgment relieving Mrs. W. W. Hartley as intimated by the order of the Hon. R. H. Humphrey dated March 11,

1948, and by the same authority to enter a judgment against the defendant. See, in this connection, *Coleman* v. *Slade*, 75 *Ga.* 61 (14, 15).

(b) It is further contended that if a judgment had been taken and left to stand for ten years it would have been dormant and unenforceable. That is true, but no judgment was taken. It is again contended in this connection that this agreement between all parties referred to was a private agreement and was barred by the statute of limitations as to such instrument. We do not think so. It became a court record and a part of the case and lived as long as the case lived. In this connection, it is contended that the equitable petition was abandoned and rights of the defendant as to his defensive plea were in effect revived. We know of no law which places a statute of limitation on the time a case may be pending in court with no disposition thereof. There has been much criticism as to the length of time cases pend in trial courts. But if there is any possible way to remedy it, the General Assembly has not seen fit to do so. The law of laches does not operate against a party to litigation pending in court. The only thing that we know of which has been set up by law to make a plaintiff move faster is for the defendant to move for a dismissal on account of want of prosecution. The defendant did not do so in this case. We are aware that the court may have some voice in the matter on its own motion, but the court did not do so in the instant case and insofar as this record goes there was no request to do so. The defendant may not have wanted to bring the matter to issue. He cannot now complain when the plaintiff moves against him. The fact remains, as we see it, that the petition to marshal assets was pending in the courts not disposed of by final judgment on May 18, 1948. Counsel for the defendant states in his brief: "We have made diligent search and find no specific case covering precisely the question here mentioned." Counsel states, however, in this connection that the Supreme Court laid down a principle which should control in *General Discount Corp.* v. *Chunn*, 188 *Ga.* 128 (3 S. E. 2d, 65). A reading of the facts in that case shows that it is not applicable here. In that case an equitable suit was filed "in aid of an execution." The equitable suit was abandoned,

although not marked off the docket. Such equitable suit, although not having been marked off, did not suspend the dormancy status of execution after the equitable suit was abandoned. This is not the state of facts in the instant case. The issues raised in the instant case had never proceeded to execution. Counsel for the defendant cite many cases to the effect that where there is an issuable defense filed, the court is without authority to enter judgment, among them are: *Harris* v. *Woodard,* 133 *Ga.* 104 (65 S. E. 250); *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (78 S. E. 713); *Merritt* v. *Bank of Cuthbert,* 143 *Ga.* 394 (85 S. E. 104); *Clark* v. *Lunsford,* 143 *Ga.* 513 (85 S. E. 708); *Thompson* v. *Bobo,* 144 *Ga.* 713 (2) (87 S. E. 1056). In none of these cases was there an agreement in effect withdrawing the defensive proceedings. Counsel also cite Code §§ 3-705 3-712, 110-1001. Counsel also cite *Jowers* v. *Kirkpatrick Hardware Co.,* 21 *Ga. App.* 751 (1) (94 S. E. 1044). That case and the Code sections have no application to the facts in the instant case. The court did not err in dismissing the affidavit of illegality and entering judgment against the defendant.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*